**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**STEVEN BROWN**                                                                    **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO.  1:07cv140-LG-JMR**

**MISSISSIPPI DEPARTMENT
OF CORRECTIONS, et al.**                                                            **DEFENDANTS**

### REPORT AND RECOMMENDATION

This matter comes before this Court on Plaintiff's Motion [3-1] to Grant Conjunctive Relief. Plaintiff seeks an order from this Court directing the Mississippi Department of Corrections Probation and Parole Office not to "violate" Plaintiff for "any reason as retaliation" for filing his civil lawsuit.  The Court will liberally construe Plaintiff's Motion as one seeking a preliminary injunction and/or a temporary restraining order.  Having considered the Plaintiff's Motion [3-1], this Court finds that it is not well taken and should be denied.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. V. United States Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) *citing Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974).  The granting or denial of a motion for a temporary restraining order rests in the sound discretion of the trial court. *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).  However, the movant bears the burden of satisfying the four prerequisites for the extraordinary relief of a temporary restraining order. *Id*. at 572.  The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest.

*Id.* These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order. *Mississippi Power & Light Co.*, 760F.2d at 621. In considering these prerequisites the court must bear in mind that a temporary restraining order is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits. *Id.* at 573.

The Court will be able to render a meaningful decision on the merits without granting a temporary restraining order and/or a preliminary injunction. Furthermore, the Court finds that there is no substantial threat that the Plaintiff will suffer irreparable injury if the temporary restraining order and/or preliminary injunction is not granted. Plaintiff's Motion fails to met each of the four prerequisites stated above. Thus, in light of the foregoing prerequisites and standards, it is clear that Plaintiff's Motion [3-1] should be denied without a hearing.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the  21st  day of June, 2007.

_____
        s/   John M. Roper
CHIEF UNITED STATES MAGISTRATE JUDGE