## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**STEVEN BROWN**                                                                                     **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 1:07CV140-LG-JMR**

**MISSISSIPPI  DEPARTMENT OF
CORRECTIONS, ADMINISTRATIVE
REMEDY PROGRAM, CAROLYN
BANYARD, VISCIA POINTER,
MICHAEL WEEKS and HARRY PEACE**                                          **DEFENDANTS**

---

### REPORT & RECOMMENDATION

---

This matter comes before the Court pursuant to Defendants' Motion [20-1] for Summary Judgment, which is accompanied by a Memorandum [21-1] in Support.  Plaintiff has filed a Response [22-1] to Defendant's Motion [20-1] for Summary Judgement.  The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Defendants' Motion for Summary Judgment should be granted.  Accordingly, Plaintiff's Complaint in the above-captioned action should be dismissed.

### STATEMENT OF THE CASE:

Steven Brown ("Plaintiff") filed this *pro se* suit alleging violations of his constitutional rights stemming from an incident that occurred while Plaintiff was enrolled in the Long Term Drug and Alcohol Rehabilitation Program ("D&A Program")  under the supervision of the  Mississippi Department of Corrections ("MDOC").

On July 11, 2005, Plaintiff was sentenced to serve five years in the custody of the MDOC for revocation of his probation on the charge of Uttering Forgery.  *See* Exhibit "A" attached to Motion [21-1].  As a condition of his sentence, Plaintiff was required to complete the D&A Program, and upon completion, Plaintiff was to return to court for possible reconsideration of his sentence. *Id.* Plaintiff enrolled in the D&A Program on August 12, 2005.  Plaintiff's appointed counselor, Viscia Pointer (" Pointer"), said Plaintiff was to  graduate on February 15, 2006.

By all accounts, Plaintiff's enrollment in the D&A Program was unremarkable and he maintained a clean disciplinary record.  However, on or about February 1, 2006, Plaintiff became concerned that the court had not received the "30-day letter" which  provided notice that Plaintiff was nearing completion of  the program.  Plaintiff questioned  Pointer about this letter, and Pointer assured Plaintiff that she had faxed the letter to the court.  Plaintiff insisted that his wife had called the court, and the letter had not been received.  Pointer again stated  that she had faxed the letter, and Plaintiff insisted that she was lying to him.  Plaintiff followed this accusation with a statement to the effect of  "be aware of who you are in the midst of. . . ."[1] *See* Exhibit "B" attached to Motion [21-1]. Pointer perceived the statement as a threat and informed Plaintiff that he would be receiving a rule violation report ("RVR").

In the interim, Plaintiff alleged that Lieutenant Michael Weeks ("Weeks") and Officer Harry Peace ("Peace") transported him from Building A to Building B on the MDOC grounds.  Plaintiff alleged that during the transportation, both Weeks and Peace stated that they had a problem with him because he threatened Pointer.   Plaintiff stated that Weeks and Peace requested that three other inmates assault Plaintiff.  Afterward, Plaintiff filed several grievances with the MDOC regarding the incident.  However, MDOC officials investigated Plaintiff's claims and found that Plaintiff had no evidence to support his allegations.  *See* Exhibit "G" attached to Complaint.

Pointer filed a RVR against Plaintiff on February 01, 2006. The administrative steps under the Administrative Remedy Program were followed, and Plaintiff was  afforded an opportunity to voice his grievances and be heard on such grievances.  The investigation determined  that the Plaintiff's defense to Pointer's accusations had no merit.  Plaintiff was found guilty of the RVR and was cited with  noncompliance under the program.  Further, Plaintiff was informed that he would not graduate on February 15, 2006. As a result, Plaintiff was obligated to reenter the A&D Program and complete another six month course.  *See* Exhibit "B" attached to Motion [21-1].

Despite being found guilty of the  RVR,  Plaintiff was allowed to complete the remainder of the court-ordered A&D Program, and he passed the required test. On July 24, 2006, some 160 days

---

[1]  Plaintiff's version of the altercation is substantially similar to that recounted by Defendants.  Plaintiff alleges that he stated, "the Bible says . . . [d]o not forget to entertain strangers for by doing so, some unwittingly entertain angels."  Reponse [22-1]. *See also Hebrews* 13:2 ("Do not neglect to show hospitality to strangers, for thereby some have entertained angels unawares.").  Plaintiff additionally stated, "I told her she have to be careful who is in the mist [sic] of her. . . ." *See* Complaint.

after Plaintiff was originally scheduled to graduate, the Circuit Court of Harrison County conducted a hearing to determine whether Plaintiff had successfully completed the rehabilitation program. The Court acknowledged that Plaintiff had been found guilty of a RVR. However, upon recommendation of the Assistant District Attorney, the Plaintiff was released from custody of the MDOC and placed on three years probation.

On February 27, 2007, Plaintiff filed this § 1983 action against the MDOC, the Administrative Remedy Program, Carolyn Banyard, Viscia Pointer, Michael Weeks, and Harry Peace ("Defendants") alleging violation of his rights to due process, freedom of speech, and freedom of religion. The Court liberally construe's Plaintiff's Complaint to allege that Defendants violated his constitutional rights by citing him with an RVR, thereby causing Plaintiff to remain incarcerated beyond his prospective release date of February 15, 2006. Additionally, Plaintiff alleges that Defendants are liable for Plaintiff's emotional and mental stress as a result of the actions of Weeks and Peace.

## STANDARD OF REVIEW:

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987). "The requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311,

1315 (5th Cir. 1986).  To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986).  To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact.  *See Howard*, 783 F.2d at 1315.

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights.  Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States.  *White v. Thomas*, 660 F. 2d 680,693 (5th Cir. 1981).  A plaintiff cannot succeed merely by showing any deprivation of his rights.  Section 1983 was intended to protect rights protected by federal law.  *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

### ANALYSIS:

To the extent that Plaintiff seeks to recover damages for his unconstitutional confinement, the Court finds that Plaintiff's § 1983 claim is barred by the Supreme Court's ruling in *Heck v. Humphrey,* 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that:

> in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87.  "A "conviction," for purposes of *Heck,* includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence. . . ."  *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998).  Claims for damages or declaratory relief challenging the procedures employed, but not the results of, a prison disciplinary proceeding are similarly barred to the extent that a favorable judgment would necessarily imply the invalidity of the conviction.  See *Edwards v. Balisok*, 520 U.S. 641, 645 (1997).

The Fifth Circuit's ruling in *Clarke, supra,* is applicable to the present situation.  Clarke was charged with violating a prison rule prohibiting inmates from threatening legal redress during confrontation situations.  *Clarke*, 154 F.3d at 188.  At a hearing before the disciplinary board, Clarke was found guilty and punished with the loss of ten days good-time credits.  *Id.*  Clarke filed suit pursuant to § 1983, alleging that the prison rule violated his rights under the First Amendment.  *Id.*  The Fifth Circuit found that *Heck* clearly barred Clarke's § 1983 suit for damages and reinstatement of good-time credits.  *Id.*  Additionally, the Court noted that even a facial challenge of the rule's constitutionality was barred pursuant to *Heck. Id.* at 190.

The Court finds that the circumstances surrounding Plaintiff's claim are virtually indistinguishable from the situation in *Clarke*.[2]  Plaintiff received a rule violation report for threatening an officer.  Plaintiff  was subsequently found guilty of the offense and cited with noncompliance of the A&D Program.  As a result, Plaintiff was required to remain incarcerated beyond his previously assigned release date.   Like Clarke, Plaintiff seeks a judicial determination that the issuance of the RVR violated his rights under the First Amendment. Additionally, Plaintiff alleges the procedure employed to secure his "conviction" violated his right to due process.  Plaintiff seeks damages in the form of emotional and mental stress as a result of his extended sentence.  However, Plaintiff's "conviction" for the RVR was never expunged, reversed, or declared invalid.[3]  Therefore, the Court finds that a favorable ruling for Plaintiff must  necessarily imply the invalidity of Plaintiff's "conviction" of the RVR.  Accordingly, *Heck* dictates that Plaintiff's claim for damages is not cognizable pursuant to § 1983.

Even though the Court has specifically found that Plaintiff's § 1983 claim is not properly before the it, in the alternative the Court will consider Plaintiff's substantive claims against Defendants.

---

[2] The Court notes that Plaintiff had been released from confinement at the time that his suit was filed. However, even a released prisoner must satisfy the requirements of *Heck* if a favorable resolution would imply the invalidity of the duration of his sentence.  *See Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir.2000).  In the present suit, Plaintiff's damage claims stem from his being incarcerated beyond his assigned release date.  Therefore, *Heck* operates to bar his recovery pursuant to § 1983.  While the Court is mindful that dicta in  *Spencer v. Kemna*, 523 U.S. 1 (1998) has called into question the continued validity of *Heck* as applied to released prisoners,  we leave to the Supreme Court  "the prerogative of overruling it's own decisions."  *Agostini v. Felton*, 521 U.S. 203, 237 (1997).

[3] While the Circuit Court did find that Plaintiff had successfully completed the A&D Program, the Judge specifically noted that Plaintiff had been found guilty of the RVR.

In his Complaint, Plaintiff names the Mississippi Department of Corrections, as well as the Mississippi State Penitentiary and its employees as defendants.  Therefore, to the extent that Plaintiff seeks to impose liability against Defendants in their official capacities, the Court finds that Defendants are entitled to Eleventh Amendment immunity.  "For purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti,* 816 F .2d 1061, 1064 (5th Cir.1987) (citations omitted).  The MDOC is considered an arm of the state by state statute. *See* Miss.Code Ann. § 47-5-1 *et. seq.*  Because the State of Mississippi is entitled to immunity from suit under the Eleventh Amendment from Plaintiff's 1983 claims, and the MDOC is an arm of the State for Eleventh Amendment purposes, the MDOC and it's employees are entitled to immunity from Plaintiff's official capacity claims.  *See Morgan v. State of Mississippi* 2008 WL 410645, *4 (S.D.Miss. 2008);  *see also Bogard v. Cook*, 586 F.2d 399, 410 (5th Cir. 1978) (holding that official capacity claims against Mississippi State Penitentiary employees are barred by the Eleventh Amendment).

Eleventh Amendment immunity does not apply to plaintiff's claims for monetary damages against Defendants in their *individual* capacities.  *See Hafer v. Melo,* 502 U.S. 21, 30-31 (1991) (stating that "the Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983").  However, Defendants have raised the affirmative  defense of qualified immunity to Plaintiff's individual capacity claims.  In assessing a claim of qualified immunity, the determination must first be made as to whether the plaintiff has alleged a violation of a clearly established constitutional right.  *Siegert v. Gilly,* 500 U.S. 226, 231 (1991). If a violation of a right has been alleged, then it must be determined whether the defendant's conduct was objectively reasonable.  Even if the conduct violates a constitutional right, qualified immunity is applicable if the conduct was objectively reasonable.  *Hare v. City of Corinth, Miss,* 135 F.3d 320, 327 (5th Cir. 1998).

Plaintiff alleges that Defendants are liable for violating  his rights under the First Amendment, as well as his right to Due Process under the Fourteenth Amendment.  Additionally, Plaintiff alleges that Defendants violated his constitutional rights by requesting that three inmates assault him.  However, after reviewing the evidence of record, the Court finds that Plaintiff has failed to prove that Defendants violated any clearly established Constitutional right.

Plaintiff fails to specify how his  RVR "conviction" violated his rights of free speech and

free exercise of religion.   Recognizing that Plaintiff is proceeding *pro se*, the Court has read Plaintiff's Complaint in a liberal fashion.   *See Rodriguez v. Holmes*, 963 F.2d 799, 801 (5th Cir. 1992).   Accordingly, the Court construes Plaintiff's Complaint to allege that he was given a RVR in retaliation for exercising his right to free speech and free exercise of his religion.   "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir.1998).

The Court finds that Plaintiff has failed to prove that Defendants filed a RVR against Plaintiff with the intent to retaliate against him for the exercise of his First Amendment rights.   The record clearly indicates, and Plaintiff does not dispute, that Pointer filed the RVR against Plaintiff because she felt that he had threatened her.   Whether or not Pointer misheard or misinterpreted Plaintiff's statement is immaterial, as no evidence exists to suggest that Pointer's intentions were retaliatory.   There is simply nothing in the record to indicate that Pointer recognized that Plaintiff was attempting to exercise his First Amendment rights, nor is there any indication that Pointer filed the RVR because she intended to deter or prevent Plaintiff from doing so.   Absent some indication of retaliatory intent, Plaintiff's First Amendment claim must fail.

Furthermore, Plaintiff has failed to establish that Defendants violated his right to procedural due process under the Fourteenth Amendment.   The minimum Due Process procedural rights accorded to prisoners include (1) adequate advance notice of the charges against the prisoner, (2) a written statement of the fact finders as to the evidence relied upon and reason for disciplinary action taken, and (3) an opportunity to present witnesses and evidence in the prisoner's favor.   *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).   Furthermore, there must be "some evidence" to support the prison's disciplinary decision. *Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005).

The record indicates that the procedure required by the ARP satisfies the minimum requirements for procedural due process under the Fourteenth Amendment.   Plaintiff was notified that an RVR had been filed against him and he was informed of the nature of the charge.   Also, Plaintiff was afforded a hearing before a neutral party in which he was allowed to assert a defense to the charge. Finally, the record provides sufficient evidence to support the RVR "conviction."   Plaintiff does not dispute that he accused Pointer of lying about the whereabouts of his "30-day letter."   Plaintiff, then, proceeded to twice inform Pointer that she should "be aware of who [she is] in the midst of

. . . ." Under the circumstances, sufficient evidence exists by which Plaintiff could have been found guilty of threatening Pointer.  This issue is without merit.

Finally, Plaintiff alleges that his constitutional rights were violated when Weeks and Peace requested that three inmates assault him. The right to be free of state-occasioned damage to a person's bodily integrity is protected by the Fourteenth Amendment Due Process Clause. *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981) (overruled on other grounds).  However, § 1983 imposes liability only for violations of constitutional rights, and not merely for violations of duties of care arising under tort law.  Thus, not every injury caused by a state official is actionable under § 1983.  *Hinojosa v. City of Terrell, Tex.*, 834 F.2d 1223, 1229 (5th Cir. 1988); *Mark v. Caldwell*, 754 F.2d 1260, 1261 (5th Cir. 1985) (recognizing that § 1983 does not provide a cause of action for every injury wrongfully inflicted by a state officer).  Accordingly, § 1983 remedies are limited to police conduct that (1) caused some meaningful injury, (2) was grossly disproportionate to the need presented, and (3) was motivated by malice.  *Hinojosa*, 834 F.2d at 1229.

The evidence of record indicates that Plaintiff did not suffer a meaningful injury as a result of Weeks and Peace's action.  Plaintiff acknowledged that neither Weeks nor Peace imposed any physical violence upon his person, nor did the other inmates act upon Weeks and Peace's suggestion.   It is well established that "mere threatening language and gestures of a custodial officer do not . . . amount to constitutional violations."  *Lynch v. Cannatella*, 810 F.2d 1363, 1376 (5th Cir. 1987).

Furthermore, the Court is not convinced that either Officer acted with malice.  In his administrative grievance, Plaintiff admitted that he believed Peace and Weeks to be joking with him.  Plaintiff argues that he interpreted their actions to be a threat only when they did not retract their offer to the other inmates. These allegations are simply insufficient to establish that the officers conduct was motivated by malice.

In the case at hand, the Court finds that Plaintiff has not presented any evidence sufficient to allege that Defendants violated a clearly established constitutional right.  Thus, the Court finds that Defendants are entitled to qualified immunity.[4]

---

[4] The Court also finds that to the extent Plaintiff's complaint could be construed to allege claims under state law, they are barred by provisions contained in the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-11, *et seq*.

**CONCLUSION**:

Based on the forgoing analysis, this Court is of the opinion that Plaintiff has failed to meet his burden of demonstrating any genuine issues of material fact which would preclude summary judgment on his section 1983 claim. Therefore, this Court finds the Defendants' Motion [20-1] for Summary Judgment should be granted, and that all claims against the Defendants should be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the ___7th___ day of October, 2008.

_____ s/ John M. Roper _____
CHIEF UNITED STATES MAGISTRATE JUDGE

---

Specifically, the Act provides that a government subdivision shall not be liable for a claim "of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary, or other such institution regardless of whether such claimant is or is not an inmate . . . when the claim is filed." Miss. Code Ann. § 11-46-9(1)(m). The Court finds that because Plaintiff was an inmate at the time these events allegedly occurred, any claims arising under Mississippi law as a result of these alleged events are barred by the above provision.