IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVEN BROWN | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL ACTION NO. 1:07CV140-LG-JMR |
| | § | |
| DRUG & ALCOHOL PROGRAM AT | § | |
| PARCHMAN | § | DEFENDANT |

## ORDER DENYING THE PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AND GRANTING THE DRUG & ALCOHOL PROGRAM'S MOTION TO DISMISS

**BEFORE THE COURT** are the Motions for Default Judgment [31, 32] filed by the plaintiff and the Motion to Dismiss [34] filed by the Drug & Alcohol Program at Parchman ("the Drug Program").[1] Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Drug Program is administered by the Mississippi Department of Corrections and is not a separate entity that is amenable to a lawsuit. As a result, the Court finds that the plaintiffs' Motions for Default Judgment should be denied, and the Drug Program's Motion to Dismiss should be granted.

### FACTS AND PROCEDURAL HISTORY

The plaintiff originally filed this lawsuit against the following defendants: the Mississippi Department of Corrections, the Administrative Remedy Program at Parchman, Carolyn Banyard, the Drug Program, Lt. Michael Weeks, Harry Peace, and Gala Matthews.[2] All

---

[1] The Drug & Alcohol Program's Motion to Dismiss was included with its Response to the Motions for Default Judgment. The Court will also construe the Response as a Motion to Set Aside the Clerk's Entry of Default.

[2] The Drug & Alcohol Program is incorrectly listed twice (as the Drug & Alcohol Program and the Alcohol & Drug Program) as a defendant on the docket sheet of this lawsuit. The Clerk of Court is hereby directed to correct the docket sheet by deleting the Alcohol & Drug Program.

of the defendants except for Gala Matthews and the Drug Program appeared and defended the lawsuit. Gala Matthews was never served with process and was dismissed by this Court's Order of Dismissal [27] for failure to timely effect service of process. The defendants who appeared in the lawsuit, including the Mississippi Department of Corrections, filed a Motion for Summary Judgment, which was granted by this Court on November 20, 2008.

The only remaining defendant is the Drug Program. This defendant was served with process on March 2, 2007, but never filed an answer or otherwise made an appearance in this lawsuit. On June 18, 2009 and June 23, 2009, the plaintiff filed Motions seeking a default judgment against the Drug Program. The Drug Program responded to the Motion, asserting that the entry of a default judgment against it would be improper because the Drug Program is not a separate entity from the Mississippi Department of Corrections. The Drug Program also sought dismissal on that basis.

## DISCUSSION

Pursuant to FED. R. CIV. P. 55(c), a court may set aside an entry of default upon a showing of good cause. In making this determination, a court considers: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

The Court finds that good cause exists in this case for setting aside the clerk's entry of default and denying the Motions for Default Judgment, particularly since a meritorious defense exists in this case. The Mississippi State Penitentiary at Parchman and its Drug Program are governed by the Mississippi Department of Corrections and cannot be considered separate

entities. *See* Miss. Code Ann. §47-5-10(c) (providing the Department of Corrections with the power and duty to "maintain, administer and exercise executive and administrative supervision over all state correctional institutions used for the custody, training, care, treatment and after-care supervision of adult offenders committed to the department"); Miss. Code Ann. § 47-5-23 (providing that the Department of Corrections is vested with the exclusive responsibility for management and control of the correctional system in Mississippi). Since the Drug Program is not a separate entity from the Mississippi Department of Corrections and since this Court has previously held that the Mississippi Department of Corrections is entitled to judgment as a matter of law in this lawsuit, the Court finds that a default judgment cannot be entered against the Drug Program. The Court further finds that the Clerk's Entry of Default must be set aside.[3] In addition, the Court finds that the plaintiff's claims against the Drug Program should be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motions for Default Judgment [31, 32] filed by the plaintiff are **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk's Entry of Default is set aside.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Dismiss [34] filed by the Drug & Alcohol Program at Parchman is **GRANTED**. The plaintiff's claims against the Drug & Alcohol Program are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 8th day of July, 2009.

---

[3] The plaintiff has also filed a Motion to Strike [35] any answer that may be filed by the Drug Program. That Motion is moot, because the Drug Program has not filed an answer.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE